Mathews, J.
delivered the opinion of the court. To have admitted the evidence which the plaintiffs offered, would, in our opinion, have been a violation of the rules of our statute, made for the protection of written covenants, and the security of those who hold property under them, against the uncertainty of testimonial proof. Civil Code 310, art. 242. lit is contended, on the part of the appellants, that this rule is applicable, only to lawful acts, and not to such as are null and void ab initio, on account of the object being hors de commerce, &c. This may be true, but cannot be applied to the present bill of exceptions, by which it appears that evidence was offered, not to prove that the *355 grant to the appellee is void, because it purports to dispose of something, not grantable to their prejudice and injury, but that it is void because something else was granted to some other person, as a consideration for its nullity. To make this circumstance available, against the first grantee, it ought to be shewn that he assented to it, or covenanted to this effect: which would be to shew a contract differing from the written act, winch according to our code, cannot be done by parol evidence, and the judge was correct in rejecting it.
The errors assigned, as apparent on the face of the record, although numerous, may be reduced to two classes. Those relating to the departure of the judgment from the matter in issue between the parties, and those relating to erroneous conclusions in law, drawn by the judge from facts assumed by him, hut not appearing in evidence. As to those of the latter class, it is sufficient for us to observe, that this court cannot legally notice the facts in any cause, unless they appear by a statement, or the testimony, as given in the inferior court, which may lie sent up with the record. In the present case, the facts are not exhibited to us in either of these forms, and consequently any erroneous opinion of the inferior court, founded *356 on facts not appearing in evidence, nor shewn as required by law, cannot be corrected: for de non existentibus & non apparentibus eadem est ratio.
In order to discover whether any error of the first class does really exist, as stated by the counsel of the plaintiffs and appellants, it is necessary to examine minutely the declarations and complaints in the petition. The answer amounts to a general denial of all the allegations of the plaintiffs, tending to prevent the defendant’s enjoyment of the premises. From these allegations, it is believed to be altogether impossible to ascertain what right the plaintiff's claim, or what injury to their property they complain of, as originating in the conduct of the defendant.
They state the lot of ground, on which are the works commenced by the defendants complained of as an injury to their several and proper rights, to a public common.
Considered simply as a public common, without taking into view the relative situation of the property of the plaintiffs, they have no more right or interest in it than any other citizen of the town : and by their own shewing, in the petition, it has been already adjudged by a competent tribunal that it is not a public common- *357 a judgment having been obtained to quiet the defendant in the possession of it as his private property. It is true that they claim several and proper rights; but in no place do they say what those rights are-how they originated-whether they be of property in the thing, or that it should not be granted or appropriated to the separate and unlimited use of any individual, because such a grant or appropriation deteriorates and lessens the value of their houses and lots adjacent thereto, in violation of the good faith, which ought to have been observed to the original grantee; in other words, that it is not grantable as against them, and that the grant is null and void, on account of fraud or mistake ; the grantor having made it contrary to sonic obligation, either express or implied, arising out of the original cession of the lots, held by the plaintiffs and appellants, according to an authentic and established plan of the city.
After having declared the ground, or open space between their lots and the river, to be a public common-after having complained that the judgment obtained by the defendant against the corporation of the city, as set forth in the petition, has deprived them of their several and proper rights, without, in any distinct manner, specifying and designating those rights, the *358 plaintiffs finally alledge that “ the defendant still persists in making preparations to build on the ground in dispute, notwithstanding their interdiction, to the total destruction of their fair and equitable title and rights ?” What title? What rights? Title and rights to the disputed property? No-for they have before told us, that it is a public common. Being a common, they cannot legally claim any private right of property in it-and, considered merely as commoners, their rights have already been decided on, by a competent tribunal.
The circumstance of the district court having decided that the plaintiffs and appellants have no title to the lot occupied by the appellee, is, perhaps, more than ought to have been done : as it dues not clearly appear that their right of private property is put in issue, by the pleadings in the case. But this ought not to vitiate the judgment, if it be correct in other respects, It is a judgment, by which the plaintiffs’ petition is dismissed-and, in the opinion of this court, properly so, as being so vague and uncertain that no final judgment or decree can be made thereon on the merits of the case.
It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs.